UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:
**THOMAS C. MILLER and
DENISE E. MILLER,**
      Debtors,

Case No. 08-01545

Chapter 7

Hon. Scott W. Dales

_____/

**IRWIN SOLOMON,** a Michigan resident, and
**IRWIN SOLOMON ROTH IRA**
      Plaintiffs,

vs.

**THOMAS C. MILLER and
DENISE E. MILLER,**
      Defendants.

Adv. Proc. No. 08-80222

Hon. Scott W. Dales

_____/

Lara Fetsco Phillip (P67353)
Joseph R. Sgroi (P68666)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7570
jsgroi@honigman.com

Susan Jill Rice (P63035)
Brandt Fisher Alward & Roy, P.C.
1241 East Eighth Street
PO Box 5817
Traverse City, MI 49696-5817
(231) 941-9660 ext. 129
jrice@bfarlaw.com
*Attorneys for Plaintiffs*

_____/

## **DECLARATION OF JOSEPH R. SGROI**

Joseph R. Sgroi declares as follows:

1. I am an attorney with the law firm of Honigman Miller Schwartz and Cohn LLP ("Honigman"). Honigman is counsel to the Plaintiffs in the above-captioned Adversary Proceeding and I am the primary attorney involved in this representation. In that capacity, I am familiar with the Adversary Proceeding and Plaintiffs' involvement in the Adversary Proceeding.

2. I submit this Declaration on behalf of Honigman pursuant to the Court's Order Regarding Rule 36 Motions dated October 13, 2009 (the "Rule 36 Order"), in opposition to Defendants' Motion to Withdraw Deemed Objections dated October 12, 2009 (the "Motion to Withdraw Admissions"), and in support of Plaintiffs' Motion for Summary Judgment dated September 25, 2009 (the "Motion for Summary Judgment").

3. I am authorized by the Plaintiffs to submit this Declaration. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

4. Plaintiffs filed with the Court and served on Defendants their First Set of Interrogatories, Requests for Production of Documents, and Requests to Admit to Defendants (the "Discovery Requests") pursuant to Federal Rule of Civil Procedure 36(a)(1) on March 16, 2009. The Discovery Requests included forty-four Requests for Admission (the "Requests to Admit"). Plaintiffs' purpose in issuing their Requests to Admit, as well as certain of its other Discovery Requests, was (a) to establish proof of certain issues that are essential to Plaintiffs' case and not in question and (b) to narrow the issues in question in the Adversary Proceeding in order to guide the development of Plaintiffs' case, including determining what matters would need to be further explored in the discovery process, what depositions may be necessary or helpful for Plaintiffs to take, and what pre-trial motions may be appropriate for Plaintiffs to bring.

5. Defendants' responses to Plaintiffs' Discovery Requests were due under Federal Rule of Civil Procedure 36 (incorporated by Federal Rule of Bankruptcy Procedure 7036) on April 15, 2009 (the "Response Deadline"). At Defendants' counsel's request, Plaintiffs' counsel consented to three separate extensions to the Response Deadline, all of which were approved by orders of this Court.

6. While significantly limiting the time available for Plaintiffs to conduct additional discovery, take depositions, explore new case strategies, address new issues raised by Defendants in their discovery responses, and file any necessary or helpful pre-trial motions, Plaintiffs' counsel consented to each requested extension believing that the extended Response Deadline would not unreasonably hinder Plaintiffs' ability to prove its case or prejudice Plaintiffs in this matter. The last extension of the Response Deadline consented to by Plaintiff or approved by the Court expired on July 15, 2009 – approximately three months prior to the scheduled trial date in this Adversary Proceeding.

7. Defendants failed to timely respond to Plaintiffs' Requests to Admit or any of Plaintiffs' other Discovery Requests by the extended Response Deadline. Notwithstanding this failure, on August 17, 2009, Plaintiffs' counsel contacted Defendants' counsel and gave Defendants yet another opportunity to promptly respond to the Discovery Requests. Plaintiffs' counsel gave Defendants this opportunity with full knowledge of the fact that Plaintiffs would have to act very quickly to prepare for trial if Defendants provided responses to Plaintiffs' Requests to Admit and other Discovery Requests at that time. However, Defendants again failed to respond to the Requests to Admit or any of the other Discovery Requests.[1]

---

[1] It is also noteworthy that Defendants failed to timely file their exhibit lists, witness lists, and proposed findings of fact and conclusions of law; the last of these being tardily filed after this Court entered its Rule 36 Order expressing its frustration with Defendants' apparent disregard for the deadlines in the Court's rules and orders.

3

8. Defendants filed their Motion to Withdraw Admissions on October 12, 2009; literally on the eve of the scheduled trial in this matter, nearly three months after the Requests to Admit were deemed admitted pursuant to the Federal Rules of Civil Procedure, over two weeks after Plaintiffs filed their Motion for Summary Judgment and Motion to Deem Requests Admitted and without having raised an objection to the admissions prior to Plaintiffs filing their Motion for Summary Judgment. Plaintiffs have no knowledge of the reason for Defendants' delay in bringing such request.

9. As Plaintiffs have not timely received any of the discovery to which they are legally entitled in this Adversary Proceeding, Plaintiffs' case strategy and preparation for trial have revolved entirely around Defendants' admissions to each of the Requests to Admit, which were automatic as of July 15, 2009 (as the Court noted in its Rule 36 Order and as Plaintiffs noted in their Summary Judgment Motion and their Motion to Deem Admitted Plaintiffs' Request to Admit dated September 26, 2009 (the "Motion to Deem Requests Admitted")) and the documents in Plaintiffs' possession. Plaintiffs, through no fault of their own, have not had an ability to develop a case strategy or prepare for trial on any other basis.

10. Based upon the Defendants' admissions, Plaintiffs did not pursue depositions of the Defendants or discovery from third parties that may otherwise provide factual support for the allegations deemed admitted. For example, in reliance on the Defendants' admissions, Plaintiffs have not pursued document or deposition discovery from individuals who may have had relevant information, including, but not limited to:

    (a)    Charles Snider;

    (b)    Charles T. Busse;

    (c)    Dr. Lanny Johnson;

    (d)    Sally Smith;

  (e)  Dr. Sanford Rosenfeld;

  (f)  Murray Schwartz;

  (g)  Dr. David Levin;

  (h)  Dr. Fred Bernstein;

  (i)  Dr. Scott Allen;

  (j)  Don Miller;

  (k)  Barry Powers;

  (l)  Bruce Seyburn;

  (m)  Richard Bruder;

  (n)  Sherman Hirschman; and

  (o)  Mary Ann Johnson

11. Although a state court proceeding involving the parties to this Adversary Proceeding was ongoing at the time of Defendants filing their chapter 7 case (the "State Court Proceeding"), Plaintiffs had not served any requests for admission in such state court proceeding and, therefore, had not received any admissions or denials from Defendants as to the issues raised in the Requests to Admit.

12. If Defendants' Motion to Withdraw Admissions were granted, Plaintiffs would have insufficient time before trial to (a) obtain additional evidence or testimony from witnesses needed to establish certain issues which have been admitted by Defendants for three months or (b) develop a new trial strategy from the one that the Plaintiffs have been working under for at least three months.

13. Defendants' Motion to Withdraw Admissions, corresponding brief and proposed responses to the Requests to Admit, as well as Defendants' Answer to Plaintiffs' Motion for Summary Disposition filed October 12, 2009 (the "Summary Judgment Response"), raise

numerous substantial factual and legal issues for the first time in this proceeding. Until this past Monday, October 12, 2009, Defendants had not filed any briefs or pleadings in the Adversary Case other than their Answer to Plaintiffs' Complaint, which did not identify these issues, nor had Defendants timely provided any responses to Plaintiffs' Discovery Requests. Some of the most significant issues just raised by the Defendants include (a) that the only purpose of the Miller Debt and Term Agreement was allegedly to deceive the IRS and Dr. Solomon's pension administrator; (b) that the purpose of the Miller Solomon Consulting Agreement was allegedly to enable Dr. Solomon to falsely verify his employment status so that he could continue to make contributions to his profit sharing investment fund; and (c) that Plaintiffs' claims and the underlying documents supporting those claims constitute usury. In fact, Defendants' Answer to Plaintiffs' Complaint did not contemplate the possibility of such allegations being made by the Defendants, as the only affirmative defenses raised by Defendants were that Plaintiffs' claims are barred by (i) the expiration of the applicable statute of limitations, (ii) laches, or (iii) the doctrine of election of remedies.

14. Additionally, Defendants' October 12 pleadings raise factual and legal issues that have not been raised at any time previously by the Defendant, including in the State Court Proceeding, such as allegations that:

(a) Denise Miller refused to sign the Miller Debt and Term Agreement because it contained false information;

(b) Thomas Miller informed Dr. Solomon that the amounts stated in the Miller Debt and Term Agreement were inaccurate and Dr. Solomon agreed to "get that worked out;"

(c) The Miller Debt and Term Agreement is not a personal guarantee;

(d) The referenced amounts in the Miller Solomon Modified Agreement were not additional but were already included in the Miller Debt and Term Agreement;

6

(e) Defendants' Grosse Pointe, MI residence was not sold but refinanced; and

(f) Defendants did not own a home in Charlevoix, MI and had no plans to move to Charlevoix, MI in 2001.

15. Many of these new issues raised by Defendants directly contravene Defendants' admissions, upon which Plaintiffs have prepared their case.  If the Defendants' Motion to Withdraw Admissions were granted, Plaintiffs would not have sufficent time to investigate any of these issues prior to trial.  Additionally, due to Defendants' failure to timely comply with any of Plaintiffs' Discovery Requests, Plaintiffs would not have the ability to properly investigate these issues and prepare to address them at trial, or otherwise, even if Plaintiffs had sufficient time to do so, which they do not.

16. This situation is additionally complicated by Plaintiff Dr. Irwin Solomon's deteriorating health.  As the Defendants are well aware, Dr. Solomon is suffering from terminal cancer.  Dr. Solomon's ability to assist Plaintiffs' counsel in analyzing and investigating new issues just raised by Defendants is severely limited.  In fact, Plaintiffs' counsel has attempted to discuss this matter with Dr. Solomon in the handful of days since the filing of Defendants Motion to Withdraw Admissions and Summary Judgment Response; however, Dr. Solomon's ability to carry on extended conversations on the subject, attempt to recall the events raised by Defendants, and locate documents relating to the issues raised by Defendants is significantly restricted by his illness.  If the Defendants' Motion to Withdraw Admissions were granted, Plaintiffs' counsel would have severe difficulty preparing for trial without the benefit of the Defendants' admissions (which have been in place for some 3 months), or any of the other discovery responses for that matter, due to Dr. Solomon's current physical state.  Further, Plaintiffs' counsel's ability to investigate the new issues raised by the Defendants would be almost nonexistent.

17. Plaintiffs and Plaintiffs' counsel have relied upon Defendants' admissions in preparing their case for trial including, but not limited to, determining the documents and witnesses necessary for trial and the issues to be litigated at trial. Given the insufficient time before trial for Plaintiffs to obtain additional evidence and adjust their trial strategy, as well as the other constraining circumstances described above, Plaintiffs would be severely prejudiced by the Court's allowing Defendants to withdraw their admissions.

18. I hereby certify that the foregoing statements are true and correct to the best of my knowledge, information and belief, and respectfully request that the Court deny Defendants' Motion to Withdraw Admissions.

_____
Joseph R. Sgroi

Dated: October 15, 2009

DETROIT.3900937.1